IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAINBOW POPCORN COMPANY,    )
                      )
        Plaintiff and     )       7:06CV5015
        Counter-Defendant,   )
                      )
        v.                 )
                      )    MEMORANDUM AND ORDER
INTERGRAIN SPECIALTY     )
PRODUCTS, LLC, ALMCO, INC.,  )
and JOHN WALTHALL,      )
                      )
        Defendant, and    )
        Counter-Plaintiff.   )

Pending before me is the Motion to Dismiss, or in the Alternative, for More Definite Statement filed by Counter-Defendant, Rainbow Popcorn Co., Inc.[1]  Filing 25. Rainbow Popcorn moves for an order dismissing Count IV of Defendant Inter-Grain Specialty Products, LLC's counterclaim pursuant to Rules 12(b)(6) and (e) of the Federal Rules of Civil Procedure.  Count IV is an action for common law fraud.

Count I of Inter-Grain's counterclaim alleges Rainbow Popcorn breached the terms of a promissory note, and owes Inter-Grain $200,000 plus interest under the terms of that note.  See filing 11, (Inter-Grain Answer and Counterclaim), ¶¶ 11-14 at p. 19-20.  Counts II and III of Inter-Grain's counterclaim allege Rainbow Popcorn breached its common law contractual duties and duties arising under the Nebraska Uniform Commercial Code by selling and delivering corn to Inter-Grain that was unmerchantable, defective, or unfit for its contracted purpose. See filing 11, (Inter-Grain Answer and Counterclaim), ¶¶ 16-19, 21-34 at p. 20-25.

---

[1]See filing 33, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge," and 28 U.S.C. § 636(c).

Count IV of Inter-Grain's counterclaim incorporates the allegations of its Counts I through III and further alleges that Rainbow Popcorn "made representations of material fact which were false," these false representations "were, when made, known to be false or made recklessly as a positive assertion without knowledge concerning the truth of the representation,". . . "with the intention that Inter-Grain would rely upon them," and "Inter-Grain did, in fact, reasonably rely upon the false material representations may by [Rainbow Popcorn] and, as a result of such reliance, Inter-Grain was directly and proximately damaged."  See filing 11, (Inter-Grain Answer and Counterclaim), ¶¶ 36-39 at p. 26.

Rainbow Popcorn's motion asserts that "Counter-Claimant has failed to allege its cause of action for fraud with particularity as required by Fed. Rule of Civ. Proc. 9(b)."  It requests an order dismissing the fraud claim or, in the alternative, an order requiring the fraud claim to be pleaded in compliance with the Fed. Rule of Civ. Proc. 9(b).  Under Rule 9(b) of the Federal Rules of Civil Procedure, "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

> Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.  To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.  Put another way, the complaint must identify the who, what, where, when, and how of the alleged fraud.

U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006)(internal citations and quotation marks omitted).

Inter-Grain argues that since it has alleged Rainbow Popcorn signed a promissory note (a communication by signature), and then failed to pay on the note, it has also sufficiently alleged fraudulent conduct and a cause of action for fraud. However, bare allegations of fraud cannot serve to convert a breach of contract action into a common law fraud claim. See e.g. Allison v. Security Ben. Life Ins. Co., 980 F.2d 1213, 1216 (8th Cir. 1992).

Count IV of Inter-Grain's counterclaim does not allege fraud with the particularity required under Rule 9(b). Although Inter-Grain's action for fraud is subject to dismissal for failing to state a claim, I shall afford Inter-Grain an opportunity to amend its counterclaim to plead the fraud claim in accordance with Rule 9(b).

IT THEREFORE HEREBY IS ORDERED:

1. The Motion to Dismiss, or in the Alternative, for More Definite Statement filed by Counter-Defendant, Rainbow Popcorn Co., Inc., filing 25, is granted in part.

2. Counter-Claimant Inter-Grain Specialty Products, LLC is given until October 2, 2006 to amend its counterclaim for fraud against Counter-Defendant, Rainbow Popcorn Co., Inc., in the absence of which Inter-Grain's fraud claim as set forth in Count IV of its counterclaim will be dismissed.

DATED this 19th day of September, 2006.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

3