IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAINBOW POPCORN COMPANY, Inc., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 7:06CV5015 |
| v. | ) ) | |
| INTERGRAIN SPECIALTY PRODUCTS, L.L.C., an Indiana Limited Liability Company, ALMCO, Inc., an Indiana corporation, and JOHN WALTHALL, an Individual, | ) ) ) ) ) ) ) | PROTECTIVE ORDER |
| Defendants. | ) ) | |

IT IS ORDERED:

1. Production, including disclosure, of documents, including their contents and any related electronically stored materials (hereinafter "documents"), claimed by any party to be proprietary, confidential, or otherwise protected as a confidential business or customer records, lists or trade secrets, shall be governed by the provisions of this order. This order does not address claims of privilege or attorney work product.

2. The documents so produced shall be designated by counsel for the producing party to be "Confidential." Upon such designation, neither the documents nor any information in them may be shown or disclosed in any way to anyone other than as provided in paragraph 3, below.

3. Such documents may be disclosed only to (a) this court, (b) counsel for the parties, (c) paralegal and clerical staff of

counsel, (d) litigation consultants, and (e) expert witnesses. In the event it becomes necessary to produce any such document to any other person, such as a consultant or expert witness, that person shall be notified of the terms of this order, and shall be required to execute an agreement to be bound by its terms. If required to be filed as part of a motion or pleading in the court file of this case, such documents shall be filed "Restricted Access," thereby allowing only counsel to access them. Use of any such documents during the trial of this case shall be discussed and resolved by the presiding trial judge; counsel shall confer and propose guidelines for such use at the time of the final pretrial conference.

    4.   Counsel may use the documents in the preparation of this case for trial, at all times preserving such confidentiality in accordance with this order. This order shall not preclude any party from exercising any rights or raising any objections otherwise available to the party under any rule of discovery or evidence. Nothing herein shall prohibit a party from asserting that certain documents are so sensitive and so confidential that they deserve greater protection from disclosure than that provided herein.

    5.   Within thirty days following the termination of this litigation by final judgment or settlement, counsel for the party who received confidential documents shall return to counsel for the producing party all such documents received under the protection of this order. Such return of documents shall be accompanied by an affidavit of counsel stating that all the terms of this order have been complied with and disclosing the names of all persons to whom such documents were disclosed. Alternatively, counsel returning such documents may by affidavit

certify that any unreturned documents have been destroyed, together with any copies and electronic versions of them.

    6.   The provisions of this order may be altered only by order of this court, requested by either a written stipulation of counsel for the parties or, alternatively, upon motion.

    DATED this 18th day of September, 2007.

    BY THE COURT:

    s/ *David L. Piester*
    David L. Piester
    United States Magistrate Judge