IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAINBOW POPCORN COMPANY, Inc., a Nebraska Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>INTERGRAIN SPECIALTY PRODUCTS, L.L.C., an Indiana Limited Liability Company, ALMCO, Inc., an Indiana corporation, and JOHN WALTHALL, an Individual,<br><br>      Defendants, | 7:06CV5015<br><br><br><br><br><br>MEMORANDUM AND ORDER |
| INTERGRAIN SPECIALTY PRODUCTS, LLC, ALMCO, INC. and JOHN WALTHALL, Individually,<br><br>      Counterclaimants,<br><br>      v.<br><br>RAINBOW POPCORN CO., INC.,<br><br>      Counter-Defendant, | |
| INTERGRAIN SPECIALTY PRODUCTS, LLC, ALMCO, INC. and JOHN WALTHALL, Individually,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>RAINBOW GRAIN CO., INC.,<br><br>      Third-Party Defendants. | |

Inter-Grain Specialty Products, LLC, ("Inter-Grain"), ALMCO, Inc., ("Almco"), and John Walthall, ("Walthall") (hereinafter collectively referred to as "defendants") have filed a motion to amend their counter-complaint. Filing 113.  The defendants' proposed amended counterclaim seeks to add allegations that Len and Marietta Johnson, the owners and officers of Rainbow Popcorn, Inc. ("RP"), commingled their funds with RP's, did not regard RP as a separate business entity, mismanaged RP, and used another business they owned, D & M, Inc., to transact business with RP in a manner that diverted RP's assets to D & M.  The defendants claim RP was the alter ego of Len and Marietta Johnson, and that the Johnsons are therefore personally liable for any judgment entered in favor of the defendants on the counterclaim.  The defendants also seek an accounting.

The defendants' motion to amend seeks to add new theories of recovery under Rule 15 and new parties under Rule 21 of the Federal Rules of Civil Procedure.  The defendants claim:

> IG, ALMCO, and Walthall have a good faith basis to assert additional Counts in their Counterclaim that RP, its principals, the Johnsons, individually, and other corporations are mere alter egos of one another.  [The defendants] are further justified in bringing a Piercing of the Corporate Veil Count against RP and a Count for an accounting.  IG, ALMCO, and Walthall also have a good faith basis to amend their Third-Party Complaint to add Len and Marietta Johnson, individually, . . . to hold them individually liable for all of RP's obligations.

Filing 113-1, at CM/ECF p. 3.

The defendants cite to the record of the plaintiff's bankruptcy proceeding, (filing 94 & In the Matter of Rainbow

2

Popcorn, Inc, Case No. BK08-40014-TLS (Neb. Bankr. Ct.)), in support of their motion. They claim:

> [T]he information which justifies IG's Motion for Leave to file a Piercing Count, an Alter Ego Count, and an Accounting Count are various filings in the Bankruptcy proceeding filed by RP. The information provided by RP was never previously provided by RP to IG. IG was not aware of the various suspect financial transactions between RP and related and non-related individuals and/or business entities all of which IG asserts constitute a fraud upon RP's creditors and resulted in the fraudulent transfer of assets away from the estate of RP, and demonstrate a lack of legal separation between RP and its principals, the Johnsons, individually.

Filing 117, at CM/ECF p. 3.

The plaintiff opposes the motion, arguing that the defendants' motion is untimely, the financial information disclosed during the bankruptcy proceeding could have been obtained through proper discovery in this lawsuit, and in any event, the bankruptcy filings do not support a claim for piercing the corporate veil. Filing 115.

The deadline for raising a motion to amend the pleadings and to add parties was March 1, 2007. See filing 40, ¶ 8. "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008)(citing Fed. R. Civ. P. 16(b)). Parties moving to amend beyond the court-ordered deadline must present evidence explaining why they failed to make a timely motion. The court cannot deny a motion to amend a complaint "unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving

party, or futility of the amendment." Popoalii, 512 F.3d at 497. See also, Krispin v. May Dept. Stores Co., 218 F.3d 919, 924 (8th Cir. 2000) (quoting Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).

The defendants claim good cause exists for permitting the untimely amendment of the pleadings because they were not given information to support their "piercing the corporate veil" claim or their claim that Len and Marietta Johnson purposefully mismanaged RP to divert funds to D & M. They claim this information was unknown until RP's bankruptcy statements were filed. The defendants argue that they could not serve discovery requests to obtain information allegedly supporting a piercing theory until after the piercing and accounting claims were raised in the counterclaim. The defendants are apparently arguing that such discovery was not relevant, and could not lead to the discovery of relevant information on the defendants' pending counterclaim for breach of contract. Filing 117, at CM/ECF p. 3, ¶ 6.

This case was filed on June 23, 2006. Filing 1. As of January 2008, the defendants had taken no depositions. They did serve voluminous written discovery on April 20, 2007, a copy of which was filed by the plaintiff in opposition to the defendants' motion to amend. See filing 116. Within that discovery was an interrogatory requesting the "name, address, and telephone number, and title of each officer, director, and shareholder involved in the corporation since January 2000," (filing 116, at CM/ECF p. 6, interrogatory 1), and a document production request for "[c]opies of any and all documents which demonstrate payments by Rainbow Popcorn to any officer, director, or shareholder of Rainbow Popcorn from January 2000 to the present," (filing 116,

4

at CM/ECF p. 35, request for production 45). To the extent the defendant are claiming they believed they could not serve discovery directed at revealing financial transactions between RP and the Johnsons, their argument is directly contradicted by their actions of record. The defendants clearly requested information that would enable it to discern if a piercing or accounting claim should be filed.

After the parties exchanged their first volley of written discovery, they became embroiled in discovery disputes. Included in those disputes was the plaintiff's objection to providing copies of records showing RP's payments to its officers, directors and shareholders. In response to the plaintiff's relevancy objection, the defendant stated:

> With regard to your Response to Request for Production of Documents No. 45, a relevancy objection is utterly unsustainable and that is the only objection you make with regard to that Response. Moreover, your objection is inaccurate in that the documents regarding payments by Rainbow Popcorn to any officer, director or shareholder of Rainbow Popcorn from January 2000 to the present is entirely relevant in that they need to be analyzed in comparison to the balance sheets provided by your clients to our clients regarding your clients' alleged sale of its business and arguments concerning the alleged joint venture. I need a full financial picture and balance sheets in my possession are only a snapshot. I also need those documents to see whether your clients were conducting themselves in comport with a true joint venture. As such, we request that you immediately produce those documents requested in Request for Production of Documents No. 45.

Filing 53, at CM/ECF p. 23.

Upon the court's order, the parties met and conferred, and were able to resolve their discovery issues with the exception of

defendants' production of documents evidencing the sale of popcorn.  On September 10, 2007, the parties mutually apprised the court to "defer ruling as to the remaining issues raised in the Motions to Compel until such time as further requested by either party in the unlikely event that the procedures agreed to by the parties fail to resolve those remaining issues."  Filing 61.  The defendants did not thereafter seek an order from the court compelling RP to produce copies of balance sheets, ledgers, or any other documents which may show payments from RP to Len and Marietta Johnson, presumably because that dispute was resolved.

Nonetheless, the defendants assert that the "information which justifies IG's Motion for Leave to file a Piercing Count, an Alter Ego Count, and an Accounting Count" was revealed in "various filings in the Bankruptcy proceeding filed by RP," and this information "was never previously provided by RP to IG." Filing 117, CM/ECF p. 3, ¶ 5.  The defendants state that until RP filed for bankruptcy protection, "IG was not aware of the various suspect financial transactions between RP and related and non-related individuals and/or business entities. . . . "  Id. This statement is directly contradicted, at least in part, by the affidavit defendant Walthall filed in RP's bankruptcy proceeding on May 19, 2008.

Walthall's affidavit was filed in the bankruptcy court to support the defendants' motion for appointment of a bankruptcy trustee for RP due to the alleged fraudulent transfer of assets by RP to Len and Marietta Johnson and their other closely held companies, including D & M.  In the Matter of Rainbow Popcorn, Inc, Case No. BK08-40014-TLS, filing 35, ¶¶ 3-5.  As evidence of the Johnsons' alleged improper and fraudulent management of RP, Walthall's affidavit states he received discovery responses from

6

RP in August of 2007 which disclosed that RP had sold popcorn to D & M, whose owners and officers are Len and Marietta Johnson, at a substantially discounted price. These same allegations are now raised in the defendants' proposed amended counterclaim. Filing 113-2, at CM/ECF p. 23-24, ¶¶ 11-19. Although the defendants claim they were unaware of any evidence to support a claim that Len and Marietta Johnson's misused RP assets for their personal benefit until after RP's bankruptcy action was filed on January 4, 2008, this statement is totally undermined by Walthall's affidavit. Assuming the truth of Walthall's allegation of suspect popcorn sales between RP and D & M, the defendants knew as least as early as August 2007 that there was reason to suspect RP was not being operated as a truly separate entity.

The defendants' motion to amend their counterclaim was not filed until June 27, 2008. Filing 113. Although this case was stayed pending referral to the bankruptcy court, that stay accounts for only two months of the ten-month gap between when the defendants allegedly knew or had reason know facts supporting their piercing and accounting claims and the filing of their motion to raise those claims in this lawsuit. See filings 94 and 97.

The defendants claim their proposed amendments are supported by the findings of the bankruptcy court. Specifically, the defendants assert:

> After the hearing was conducted on [the Creditor's] Motion to Appoint Trustee, the Bankruptcy Court issued an Order taking the matter under advisement. See, Bankruptcy Document No. 42. Ultimately, the Bankruptcy Court issued an Order denying the appointment of a Trustee but specifically stated that the activities of RP which Debtors argued justified the appointment of a

> Trustee did, in fact, raise questions which would justify the appointment of an Examiner under 11 U.S.C.A § 1104(c).

Filing 113, at CM/ECF p. 2, ¶ 3. This statement strongly implies that the bankruptcy judge found some factual support for the defendants' claims that Len and Marietta Johnson mismanaged RP and fraudulently transferred RP's assets to themselves and their related companies.

That is not the case. Based on the evidence presented before him, the bankruptcy judge found:

> With regard to the sale of the popcorn to a related entity, [D&M,] the debtors have presented evidence, in Filing No. 37, Exhibit 5, in the form of a letter to an independent party requesting the current market price of various samples of different varieties of popcorn inventory. On that letter, an employee of the independent entity filled in the price for each variety. That is the price that the debtors used for the sale to the related entity. Although the movants suggest that the individual giving the pricing information was simply a friend of the owners of the debtor and did not give the pricing information as a legitimate estimate from the independent entity, they presented no evidence to that effect.
>
> The debtors have also presented copies of promissory notes which support their argument that the granting of loans to the business was in the ordinary course of the business and was continued for a period of at least nine years.
>
> Neither of the grounds used by the movants for appointment of a trustee, looked at separately, [rise] to the level of the cause which would include fraud or gross mismanagement. Neither do they, taken together, rise to such level. Debtors have provided a reasonable explanation and evidence supporting their resistance.

8

In the Matter of Rainbow Popcorn, Inc, Case No. BK08-40014-TLS, filing 48, p. 2.  The court concluded that "[a]ppointment of a trustee would not be in the interest of creditors."  Although "the activities which caused the movants to suggest a trustee should be appointed do raise some questions which would ordinarily be addressed by the appointment of an examiner under 11 U.S.C. § 1104(c)," based on the evidence presented before the bankruptcy court, that court was willing to appoint such an examiner "only if the movants agree to pay the fees."  Filing 48, p. 2.

    The defendants' evidence fails to explain why it waited so long to move to amend its complaint.  Although the defendants argue that the plaintiff was recently permitted to amend its complaint, and therefore no prejudice will result from the defendants' proposed amendment, unlike the defendants, the plaintiff showed cause for its delay.  Moreover, the plaintiff's amended complaint also did not seek to add new parties this late in the litigation.

    The defendants further argue that "from the time RP received leave from this Court to file its First Amended Complaint, dated May 23, 2008, there has been absolutely nothing of substance which has occurred in this matter which would prejudice any party regarding discovery, investigation, or trial settings."  This conclusion is based on the assumption that other than Len and Marietta Johnson, no additional parties will enter the case, any additional parties will be represented by the same lawyers, and/or that any additional parties will not seek to conduct additional discovery.  From the court's review of the record, as more fully set forth in its previous order, (filing 110), the defendants did not actively engage in taking depositions and

preparing for trial before the plaintiff was granted leave to file an amended complaint. While it may be true that allowing the defendants to file their proposed counterclaim will not delay the progression of this case or necessitate supplemental depositions, that is in large part because the defendants have as yet to take any depositions in preparation for trial. Such dilatory conduct cannot, in essence, be rewarded by a finding that defendants' late motion for leave to amend their counterclaim will cause no prejudice to the plaintiff.

The court could surmise that the defendants' real motive for raising its proposed piercing and accounting claims is to maintain continued financial pressure on the Johnsons, who are personally funding this litigation on RP's behalf, (In the Matter of Rainbow Popcorn, Inc, Case No. BK08-40014-TLS, filing 48, p. 1), despite RP's bankruptcy protection. The court need not, however, delve into whether the defendants have moved to amend in bad faith or to vexatiously litigate[1] this case, or whether their additional proposed claims would be futile, because irrespective of potential merit or defendants' motive, the defendants' motion to amend is not only untimely, but unduly so. The progression of this case needs to foster resolution rather than further accommodate inattentiveness and unwarranted delays.

---

[1] See, Popoalii, 512 F.3d at 497 ; 28 U.S.C. 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); Fed. R. Civ. P. 11(b).

The court will progress this case forward to resolution. The parties are hereby notified that delays in that progression will not be tolerated absent a substantial showing of good cause.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiff's objection to the defendants' untimely filing of a reply brief, filing 118, is denied, and defendants' reply brief has been considered in ruling on their motion to amend.

2. The motion to amend filed by defendants Inter-Grain Specialty Products, LLC, ALMCO, Inc., and John Walthall, filing 113, is denied.

DATED this 14th day of August, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge